# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

**v.**                               **CASE NO. 3:21-CR-00026-BSM**

**JEROME FARMER**                                                             **DEFENDANT**

## ORDER

Jerome Farmer's motions to suppress [Doc. Nos. 54, 56 & 72] are denied.

Farmer was pulled over after officers ran a license plate search of the vehicle he was driving and the vehicle returned stolen out of Missouri. Mot. Suppress Search of Vehicle ¶ 3, Doc. No. 54. Farmer is moving to suppress evidence seized from that vehicle as well as statements he made to the officers. Farmer argues that the vehicle search violated his Fourth Amendment rights and that the government's use of his statements would violate his Fifth Amendment rights. *See Katz v. United States*, 389 U.S. 347, 357 (1967) (searches outside the judicial process are per se unreasonable under the Fourth Amendment unless an exception applies); *Miranda v. Arizona*, 384 U.S. 436, 444 (1966) (prosecution may not use statements stemming from custodial interrogation of defendant unless it demonstrates use of procedural safeguards effective to secure Fifth Amendment privilege against self-incrimination). Farmer's motions are denied for several reasons.

First, the traffic stop was lawful because there is no reasonable expectation of privacy in a license plate number and a person who is reasonably suspected of operating a stolen vehicle may be stopped. *See United States v. James*, 52 F.4th 1035, 1037–38 (8th Cir. 2022);

*United States v. Sparks*, 37 F. App'x 826, 829 (8th Cir. 2002).  Based on the testimony at the suppression hearing and the evidence in the record, the officers' suspicion that Farmer was operating a stolen vehicle was reasonable.  *See United States v. Hollins*, 685 F.3d 703, 706 (8th Cir. 2012) (citing *United States v. Smart*, 393 F.3d 767, 770–71 (8th Cir. 2005)) ("incomplete initial observations may give reasonable suspicion for a traffic stop").

Second, the inventory search of the vehicle was lawful because the search was performed in order to prepare the vehicle to be towed.  *See United States v. Garreau*, 658 F.3d 854, 857 (8th Cir. 2011) ("The inventory search exception to the Fourth Amendment's warrant requirement permits law enforcement to inventory the contents of the vehicle that is lawfully taken into custody, even without a warrant or probable cause to search.").  Indeed, the vehicle could lawfully be taken into custody once dispatch confirmed that it was stolen.  *Cf. United States v. Vittetoe*, 86 F.4th 1200, 1203 (8th Cir. 2023) ("Because the vehicle was reported stolen, officers could search it for evidence of it being stolen."); *United States v. Williams*, 929 F.3d 539, 544–45 (8th Cir. 2019) (officers had a legally permissible basis to tow and search a vehicle that they mistakenly believed was stolen when new facts arose that created a reasonable articulable suspicion of criminal activity); *United States v. Overton*, 600 F. App'x 303, 310 (6th Cir. 2014) (defendant has no legitimate expectation of privacy in a knowingly stolen vehicle).  Moreover: (1) the inventory of the vehicle took place after confirmation of it being stolen and Farmer's detention, *see* Incident Report 5, Ex. 1, Doc. No. 64-1 ("I inventoried the vehicle in preparation for it to be towed."), Officer Huff's Body Camera Footage 4:55–5:00, Ex. 2, Doc. Nos. 64 & 65 (vehicle confirmed stolen), *id.*

5:05–5:15 (Farmer detained and placed in handcuffs), *id.* 6:20–6:25 (gun found); and (2) the inventory complied with department policy, *see* Ex. 5, Doc. No. 64-3 (stating that "[a]ll vehicles may be towed when the driver is arrested . . . or unable to operate the vehicle," "[r]ecovered stolen vehicles should be towed/impounded if he [sic] owner cannot be contacted," "[a]ll vehicles that are towed by the authority of an officer must be inventoried," and a permissible vehicle inventory area includes "[u]nder the seats").

Third, Farmer's initial statements to law enforcement are admissible because Farmer was not taken into custody until he was handcuffed. *See United States v. Coleman*, 700 F.3d 329, 336 (8th Cir. 2012) ("Although a motorist is technically seized during a traffic stop, *Miranda* warnings are not required where the motorist is not subjected to the functional equivalent of a formal arrest.") (internal quotation omitted). The discussion between Farmer and the officer immediately after the stop, and before Farmer was placed in handcuffs, amounted to normal roadside questioning and thus Farmer's statements during this conversation are admissible. *See* Officer Huff's Body Camera Footage 0:45–5:15. The government represents that it will not offer any evidence regarding statements made by Farmer between the time he was placed in handcuffs and the time he was Mirandized. U.S. Resp. Mots. Suppress 6, Doc. No. 64.

Fourth, Farmer's statements to law enforcement after he was Mirandized are admissible because he knowingly and intelligently waived his *Miranda* rights. Specifically, both the recorded interview, Ex. 3, Doc. Nos. 64 & 65, and the signed *Miranda* form, Ex. 4, Doc. No. 64-2, indicate that Farmer made a knowing and voluntary waiver of his rights. *See*

*Fare v. Michael C.*, 442 U.S. 707, 717 (1979) (use of statements permissible once rights to remain silent and to have counsel during interrogation are given).

IT IS SO ORDERED this 7th day of February, 2025.

_____
UNITED STATES DISTRICT JUDGE